Good morning, Your Honors. May it please the Court, my name is Attorney Ryan Cashian, and I'm here on behalf of the appellate and the plaintiff, Sol 21. The District Court, I'd like to reserve one minute of my time for rebuttal. All right, so watch the clock. Yes, Your Honor. The District Court committed a reversible error by engaging in premature fact-finding on the defendant's motion to dismiss. Specifically, the District Court found that the plaintiff's registered trademark, red gold, when used in conjunction with the sale of watches, was generic. This was reversible error for five independent and alternative reasons. The first reason, and the most important reason, is that the District Court misapplied the relevant consuming public test. The second reason is that the District Court misconstrued the genus of the product being sold as a copper gold alloy. The third reason is that the District Court gave insufficient deference to the presumption of validity afforded a registered trademark, which in this case, Sol 21 had. And if the Court wanted to engage in an evidentiary hearing and wanted to determine whether or not that validity was true, it should have converted the motion to dismiss into a motion for summary judgment under Rule 12d. The fourth reason is that the defendants do not need to use red gold in order to refer to their products. They have at their disposal reasonable, concise, and alternative terms which they could use. And the fifth reason is that a reasonable jury could conclude that at a minimum, the trademark was either descriptive or suggestive. Why isn't your first argument, your third argument, your first argument, and the end of the inquiry? This is a motion to dismiss, correct? Yes, Your Honor. And what is the standard? And you start with a registered trademark and a presumption of validity, right? Yes, Your Honor. And what is the standard in the Ninth Circuit for overcoming the presumption of validity, that it's non-generic and that it's valid? Well, the defendant on a – if there is an – if the – if there's an evidentiary hearing, then the defendant must present evidence to rebut the presumption of validity to show that it's not generic by going into the test for genericness, which is whether or not it's the reasonable – the relevant consuming public understands a term to refer to the genus. And does it require proof via preponderance of the evidence to overcome the presumption in the Ninth Circuit? I believe so, Your Honor. Is there a case that says that? I do not know offhand, Your Honor, but I can provide the Court with a letter brief if it requires such. Do you think that genericness can ever be decided as a matter of law? Your Honor, yes, it can be decided as a matter of law, but not in this case, where there is a – where there is a registered trademark. If – if on a motion to dismiss, the district court wants to make a determination that a no reasonable jury could conclude that it's not generic, then it must convert the motion into one for summary judgment and allow the plaintiff and all the parties to present all the evidence that is pertinent to the inquiry so that it can make a determination how a finder of fact would make that determination. What evidence would you – Counsel, Judge Gould, I have the same question in my mind as was asked by Judge Wardlaw. Let me give you a concrete example, though, of what's on my mind. Let's assume that someone came up with a trademark of black onyx cufflinks or a trademark of silk scarves, and they were so fortunate as to have a patent trademark officer who registered the mark. Now, Nordstrom or some other – Macy's has a catalog, and they use the term black onyx cufflinks or silk scarves, and they don't have the same font as some other company that registered the mark, but they're using the words, and they get a trademark suit. You know, can a judge, as a matter of law, take judicial notice of definitions and say, these are generic and this suit can end at the motion-to-dismiss stage? No, Your Honor. It cannot do so at a motion-to-dismiss stage without converting it into a motion for summary judgment under Rule 12d and the case law under this Court. This Court has specifically said that it's reversible error for the district court not to convert it into a motion for summary judgment. There are only two exceptions to that rule, and they do not apply in this case. The first exception is if it is a public record, and dictionaries do not qualify as a public record. And the second rule is if the defendant's pleadings specifically refer to the documents, and the pleadings in this case do not refer to dictionary definitions as such. So as a matter of law, under Rule 12d, it is the reversible error for the district court to convert, to make that determination on a motion-to-dismiss, Your Honor. Okay. Well, thank you. So it would always be the judge making a determination, making a factual finding, is your argument under these circumstances? Yes, Your Honor. And it is not disputed. It wasn't disputed in the district court, and I do not believe that the defendants dispute this contention that finding of genericness is a question of fact, and it's actually a complicated question of fact, and it requires substantial deference to the trier of fact. There are many close cases, and the case law in various jurisdictions show conflicts between how judges have found terms, specifically chocolate fudge soda. Some districts found that to be suggestive, other districts found that to be descriptive, and others found it to be generic. So I believe that the judges and the justices should give substantial deference to the trier of fact's determination on whether or not a trademark is generic or falls in the other categories. Let me ask you, if we were inclined to reverse this case, would we be required to hold that genericness can never be determined at a motion-to-dismiss case, or could we limit a holding to genericness when you have a trademark that has been registered and comes with a presumption, can never be held generic at the motion-to-dismiss case stage? I believe it is when the trademark is registered. It cannot be held to be generic at a motion-to-dismiss stage unless it has been converted into a motion for summary judgment, because it is a factual inquiry, and it requires the trier of fact to have all the evidence before it that is necessary to make that determination. Since it is the, I guess, the defendant's burden to come forth with some evidence that the trademark is generic, this might be an unfair question, but what evidence would you come back with to show that it is not generic? Well, Your Honor, in our reply brief, we offered a lot of relevant information. Specifically, we offered magazine articles that show that the consuming public has And also there is availability of lexicographers that can explain how a consumer understands the term, and also there could be survey evidence that could be presented. I did a little extra judicial looking at catalogs and trademarks on this issue, and most of the time that tone of gold is called rose gold. Have you seen that? No, Your Honor. I believe there is a contention made by the defendants that there is a slight difference between the two. However, if you look into the actual documents that are provided by the defendant, it shows that there is no distinction. And in our brief, we actually provided a copy of both the defendant's use of rose So I believe that distinction is not correct at all. And I believe that that can't be made at a motion to dismiss stage. It would require a finding of fact and some evidentiary support. All right. Thank you. You're about out of time, but you can have your minute for rebuttal. Thank you, Your Honor. May it please the Court. My name is Ben Cooper, and I represent Breitling. It is absolutely incorrect that one could not dismiss a claim for genericness on a motion to dismiss. For a registered trademark? For a registered trademark. There's not a single case that holds it for two basic reasons. Is there a Ninth Circuit case in which a registered trademark has been dismissed for genericness? No, but that's not because it can't happen. It's because rarely do you get the Patent and Trademark Office missing the boat, doing what Judge Gould said, the silk scarves example. Well, why didn't you contest that application before the Patent Office? It's an ex parte proceeding. You know, until it's asserted and brought, you know, if you knew about it, they could have brought a cancellation proceeding. But that's not the point. For 80 years in this circuit, the rule since Nevcal Electric, and I'll cite 85F2nd and 886, and Greeson v. Imperial Irrigation District, 59F2nd and 529, the rule has been that on a motion to dismiss, the court considers not only what's in the pleadings in the complaint, but also everything that the court can take judicial notice of. That provides the background. It's not limited to public documents. It's whatever is susceptible. I just noticed. If we accept that facts can be noticed, it gets back to the question that I asked your adversary. What is the burden of proving genericness? And is it proof by a preponderance of the evidence? Because if it is, shouldn't the plaintiff in this case be afforded an opportunity to offer evidence? Not in this case, because we contend that it's essentially conceded by the plaintiff that red gold is a generic term for the alloy. Their only argument is, well, we're not selling alloy. We're selling something made from it. What's the question? Let me ask you a question. I'm from out of town. What's the burden of proof in the Ninth Circuit? The answer here is, as for the presumption of the Ninth Circuit, is the Tytech case and Talking Rain Beverage, which say that it's a bursting presumption. The moment you introduce any evidence of invalidity, that presumption goes away. It disappears. It's gone. So if that evidence comes in by judicial notice, the presumption of validity is gone. But is there still a requirement that you prove that it's generic by a preponderance of the evidence? No. Not in this context, because there's really no issue as to the factual proposition that they say exists. They don't contest that red gold is a generic term for the alloy of copper and gold. In fact, at page 27 and 28 of their reply brief, they cite additional material from their own second request for judicial notice showing that it's used generically for this alloy that's used. They simply argue that somehow the fact that they're selling something made out of a precious metal rather than, you know, gold bullion is somehow enough to let them get past it. If that were true, then I'm going to run down to the Patent and Trademark Office and try to register sterling silver for earrings on the ground that I'm not selling bullion of sterling silver, which, by the way, is a silver-copper alloy. I'm selling earrings, and I should be entitled to show secondary meaning. But when you're dealing with a generic term, proof of secondary meaning under this Court's precedent at surges centers is irrelevant. They can bring in as many articles as they want showing that people recognize red gold as their trademark. It matters not under surges centers. Because when you're dealing with a generic mark, no matter how hard they try, they cannot denude the public realm, the public domain of a generic term, even if they're all terminus. Because one could make a... Judge, if I could interject a question, please. Certainly. And, Judge Wardlaw, our IT people here tell me that they tuned it up a notch down there. Can you hear me now? Yes, I can. Yes, we can, Judge. We don't want you to have to yell. We can turn up the volume. I'll speak more softly, and I'm not carrying a big stick. I'll speak softly and listen. Here's my question. So I understand if it's a descriptive term, then we get into issues of secondary meaning. So someone can develop a secondary meaning that the public associates with their product. But if it's generic, then we don't look at secondary meaning. And a generic mark just can't be protected as a matter of law. That's correct. Correct? Okay. So now, what would be the best case, you think, in the ninth circuit that would suggest that red gold here, like a color, is a generic description? Well, it's not that it's a color. It's that it's the alloy of which it's made. And while this Court hasn't dealt with it yet, there are other courts that have dealt with exactly that kind of situation. For example, silver blue, we cite the Midwest fur case. Silver blue was a kind of animal, a kind of mink, I believe. And they rejected a trademark claim based on silver blue for mink coats, saying, well, that's the animal it came from. You have to be able to use the name of the animal to describe the thing made from the animal. It's the same thing here. It's not like they used a descriptive term like shiny or luxurious or something like that. They picked the constituent metal. It's like claiming graphite as a trademark for graphite tennis rackets. Yes, you're not selling bulk graphite, but you need to be able to use that term. Now, sterling silver is also known as standard silver. It's known as 925 silver because that's its chemical formula, 925 parts out of 1,000 of silver as opposed to copper. But those all belong to the public. They belong to the public more than 100 years before the plaintiff ever came along and tried to make a trademark out of it. So this is not one of those situations where you're dealing with genericide. You're dealing with a trademark that went bad. It was a good trademark, but then it became generic. That may be a factual issue. It's not one where you're dealing with secondary meaning, and is it merely descriptive or is there secondary meaning or is it suggestive. You're dealing with a term. Red gold is the dictionary term. In OED, it doesn't have rose gold. Look, we cited two jewelry dictionaries, an alloy dictionary, good housekeeping magazine. Red gold is the base term. Yes, they use rose gold on occasion, particularly because that is evocative of something else. I'm sorry? Tiffany uses rose gold. They use rose gold. If you're selling to my wife, rose gold works. If you're selling to me and the Cardinals fan, red gold is a bit of a marking term. Could I take you back, though, to the stage of the proceeding? And this is responsive to the question I asked Pellin's counsel. I'm looking at the Ninth Circuit decision in yellow cab at 928. It says, Federal registration of a mark constitutes prima facie evidence of the validity of the mark. And it goes on to say the defendant may, of course, overcome the presumption by showing by a preponderance of the evidence that the term was or has become generic. This is a summary judgment case. Rudolph's a summary judgment case. If you were arguing before me as a district judge, I would be putting this in the context of Iqbal and Twombly and say, you know, the patent office has found that this is not generic in issuing the trademark. Therefore, the argument is not implausible. Discovery is necessary. And then perhaps your passionate argument will be persuasive on a motion for summary judgment. How do you respond to that? Your Honor, the appropriate precedent is not yellow cab. It's talking rain, beverage, and TYTEC, which deal with the nature of what the presumption is. That is, the moment and it's in line with the other circuits, and this is more recent precedent than yellow cab. Once you introduce any evidence of invalidity, that presumption goes away. And here's the unit. I don't have talking rain right here. Was that a motion to dismiss case? I don't recall. But here's what distinguishes it. This is a unique circumstance because they're not saying that red gold is not a generic term for the metal. But their only argument comes down to it. They've conceded that by what they've put in. Their only argument is we don't sell the metal. We sell the watch. And my contention is you cannot, as a matter of law, allow that argument. Because then silk scarves becomes a matter of a factual determination. And sterling silver earrings. And, frankly, gold watches. But that assumes that the patent and trademark office has issued a trademark for silk scarves. It didn't do that. Right. But TYTEC and talking rain and all the other circuits, similar precedent, I think that the fact that the patent and trademark office has issued a trademark for silk scarves, doesn't tell you what weight you give to that distinction, to that Federal registration. And it's a bursting presumption. It goes away. And TYTEC and bursting? I don't believe you're accurately saying the law. I think it's not a bursting. I think Yellow Cab says it's not a bursting presumption. It might be a bursting presumption if it's not a registered trademark. Your Honor, I recommend that you look at TYTEC and talking rain beverage. Are either of those Ninth Circuit cases? Those are Ninth Circuit cases. That is, it is a bursting presumption. It is not one like the presumption of. . . I think you have the burden of proof all the way. I mean, it might go back and forth. I think you do. That presumption does not change the burden of proof. And the case law says, quote, it evaporates once. All that does is it incites the bringing of contrary evidence. Once you bring it in, that presumption is gone. Yes. We shouldn't confuse, should we, burdens of proof and burdens of production. Right. But ordinarily at a motion to dismiss stage, we're not looking at the burden of proof. We're looking at the plausibility of the allegations. So when you get to. . . There may not be a presumption possibly at a summary judgment stage or at a trial, but I'm focused and I think my colleagues are focused on the stage of the proceeding and the fact that the only evidence are the judicially noticed facts and the plaintiffs didn't have an opportunity to offer allegedly, arguably countervailing evidence. They don't need to in this case because they conceded. No, no. They conceded that red gold is generic for the copper gold alloy from what? That distinguishes it from the usual case of, let's say, a trademark gone bad. You cannot tie up the mark with a registration, a generic term with a registration or with a lawsuit on the ground that we slipped one past. If the judicially noticed evidence, which is here, overwhelming evidence, that this is the name of the alloy, of the precious metal alloy from which the item is made, once that comes in, there's no response except to say we don't sell alloy. That's their only argument. This is a very unique situation. It's not like coming in and saying the Kleenex trademark became generic, where you have to start looking at how people use Kleenex. This mark was generic before, and it's generic now. And they can't, by dint of getting a registration, change that on an electable fact. Counsel, if I could interject a question. Certainly. If they have said that they agree red gold is generic as a description of the alloy, but here we're selling watches, then does that concession make this case the same as saying you could have a trademark registered for silk scarves or onyx cufflinks? It's exactly the same situation. And I'd say that as a – I'm sorry. But, of course, you have the added element of the significance of the PTO registration. And as I understand your argument on that is that the registration gave a presumption, but the presumption burst and disappeared as soon as the court took judicial notice of the dictionary definition. That is correct. Under circuit precedent, that is correct. That presumption goes away. At the summary judgment stage. No, Your Honor. I don't think it is, because – I think – I mean, I was just looking at, what is it, Miller on trademarks, and that's exactly what he says our law is. But it's exceedingly rare, I will admit that, that you can show that a term is generic by judicially noticed materials. But this is a rare case. And this Court, there's no – this Court should not be announcing a rule that says if you can get it past the PTO, that somehow you're good for summary judgment and you get to bring them more. We're the – All right, Counsel. Well, you're well over your time, and I think we understand your point. Thank you, Your Honor. I'll give you two minutes for rebuttal. Thank you, Your Honor. We haven't actually conceded anything. What we've argued is that they haven't met their burden. So – But you – Go ahead, Your Honor. I'm sorry. Go ahead. I think the appellee's counsel just destroyed his own case with his suggestion that if you want to market this to women, you have to say rose gold. If you want to market it to men, you have to refer to it as red gold. This isn't a case about their need to use it. It's about marketing and goodwill that was created by my client. So I believe that that concession itself has just destroyed his case. The second issue is – the third issue is actually that this could be a descriptive mark, and they still could make – they could still use it if they use it in a non-marketing way, which they just conceded that it can't be – that they can't. It could – that falls under this. Counsel, how do you distinguish red gold watches from silk scarves or onyx cufflinks? Well, our trademark is not for red gold watches. It's for red gold. And the difference would be that – there's actually two differences. One is that they have to present evidence that a reasonable consumer of watches understands there to be a class of watches called red gold watches. Many things can be made out of a copper gold alloy. So, for instance, belt buckles, glasses, anything that really needs metal. And a person doesn't instantaneously say, oh, red gold, it refers to watches. What they have to prove is that consumers understand there to be a class as such. Well, it's the source. The source is the company red gold. It has to be related to a particular source. Right. It has to understand that it's coming from a particular source for it not to be generic. But if it is descriptive, then they can use it in a descriptive way, and it would not be a – it would not be an infringement. It would be an issue of fair use and an issue of likelihood of confusion. To the buckle example, let's assume that some company puts out an ad that they're selling red gold buckles. And you can buy them at Nordstrom's or wherever, but, you know, the XYZ buckle company or belt company advertises red gold buckles. Now, would that infringe your client's mark? Well, Your Honor, it would depend on how the advertisement is made, and I believe that a jury would have to look at it. It is our contention that the trademark is suggestive and not descriptive, but if the court finds that it is descriptive, there are ways for them to make a defense that we are using it in a descriptive way and there is no likelihood of confusion. We're not using it as a marketing tool as the appellee has suggested that he would like to use it as. So there are defenses that they could use. I think they're conflating the two tests. You say descriptive. How is it descriptive in a different sense than silk scarves is descriptive of the scarves or black onyx is descriptive of the cuff links? Well, I'll give you. I understand you can have a descriptive term that's different than generic, but here if the trademark is something that is generic, then doesn't it make it a generic mark? I think, Your Honor, you have to take a look at the entire law of trademarks and understand the context in which the generic issue is made. It is basically saying that the term cannot be used when trying to sell your product at all. That's not necessarily the case if it's found to be descriptive. A defendant can use it in a descriptive way. They can say it's made out of red gold, that it's done in a way it's made with a copper gold alloy. There's linguistic ways, and a linguist can opine on this, on how a defendant, if they need to use a term, can do it in a descriptive manner. And I believe there is a case in this circuit. The example is the Whisper Quiet case, where the washing machine, it was trademarked as Whisper Quiet. And the court found that it was not generic, but it was used in a descriptive way so that it was no likelihood of confusion. And I think the test, and I think what they're trying to argue, is that perhaps the trademark doesn't have a great strength, so they can use it in a descriptive way to refer their product. But if they want to use it as a marketing tool, as the appellee has suggested, then that's a different inquiry. And that shows that it's actually they're trying to infringe on the goodwill that's created by my client. Does that answer your question, Your Honor? Yes. Thank you. I think I understand your position. Are you able to address talking rain in TYTEC, which your adversary says will tell us that our focus on Yellow Cab, or I would now say Zob Mondo written by Judge Gould, which uses the same language as a summary judgment case, uses the same language. It's a preponderance of the evidence standard. Your Honor, I'm unfortunately not able to talk about it. But I will. I do recall that the cases have said that the presumption is a strong one and it takes a lot to overcome it. So if it's a preponderance of the evidence, I'm not sure. But it might be something that's a little bit more than that. All right. Thank you, Counsel. Thank you, Your Honor. Solid 21 v. Breitling USA is submitted.
judges: Wolf, Wardlaw, Gould